# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT POOR,**

       **Plaintiff,**        **CIVIL ACTION NO. 07-CV-12335-AA**

vs.

        **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**BARBARA SANDFORD,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that Defendants' Motion to Dismiss or for Summary Judgment filed on September 28, 2007 (docket no. 23) be **GRANTED**, and that Plaintiff's Motion to Dismiss filed on December 19, 2007 (docket no. 26) be **DENIED**, and that this action be dismissed as to all Defendants.

**II.**    **REPORT:**

This matter comes before the Court on the Motion to Dismiss or for Summary Judgment filed by Defendants Sandford, Samper, and Jackson. (Docket no. 23). Plaintiff has responded to this Motion by filing a "Motion to Dismiss" Defendants' request for summary judgment. (Docket no. 26). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 21). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    *A.*    *Factual Background*

Plaintiff was incarcerated in the Michigan Department of Corrections when he filed his Complaint. (Docket no. 1). He brought this action pursuant to 42 U.S.C. §§ 1983 and 1988. Plaintiff

-1-

alleged that his federal rights to due process, equal protection, and to be free from cruel and unusual punishment were violated by Defendants when they granted him a parole date but then delayed his release for about six months. (*Id.*). Plaintiff also contends that Defendants violated unspecified state laws by delaying his parole. (*Id.*). Defendant Sandford is the Chairperson of the Michigan Department of Corrections Parole Board. (*Id.*). Defendants Hardman and Samper are members of the parole board.[1] (*Id.*). Defendant Jackson is a parole agent. (*Id.*). Plaintiff also named John Does who are either members of the parole board or parole agents. (*Id.*). They also have not been served with process in this action. Plaintiff seeks injunctive relief and damages as relief.

Plaintiff was notified on or about January 16, 2007 that the Michigan Parole Board had granted him parole on January 8, 2007. (Docket no. 23, ex. 1). His projected parole release date was February 7, 2007. (*Id.*). However, Plaintiff was not released on parole until August 2007. (Docket no. 19 (order of Judge O'Meara noting that Plaintiff had advised the court on August 30, 2007 that he had been paroled)). Defendants attribute this delayed release to difficulties in finding a suitable place for Plaintiff to live due to his many disabilities and sex offender status. (Docket no. 23, ex. 1). Plaintiff, on the other hand, attributes the delay to a conspiracy among Defendants to punish him for his past litigation against the Department of Corrections and his filing of grievances. (Docket no. 1). Plaintiff argues that he had a liberty interest in his parole once the parole board advised him that it had granted him parole. (*Id.*). Defendants argue that no liberty interest was created by their action and that Plaintiff's rights were therefore not violated in any way.

B.   *Standard of Review*

Both Plaintiff and Defendants have submitted documents in support of their positions in this action. Accordingly, the Court will consider Defendants' Motion as one for summary judgment.

---

[1] Defendant Hardman has not yet been served a copy of the Summons and Complaint.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d. 912, 914-15 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

  C.  Analysis

    1.  Due Process

The Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979). Although by using mandatory language in its laws a state may create a federal constitutional interest in parole, under Michigan law there is no absolute right to release on parole because the decision is discretionary with the parole board. *See Mich. Comp. Laws* § 791.234(11) (with one exception not applicable here, prisoner's release on parole discretionary with parole board); *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) ("So long as the parole discretion is broad, as in Michigan, 'the State has not created a constitutionally protected liberty interest' by enacting procedural rules.") (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). Therefore, before he was granted parole, Plaintiff had no liberty interest in his parole release.

In *Jago v. Van Curen*, 454 U.S. 14 (1981), the Ohio Parole Authority notified the respondent that he would be paroled on a certain date or thereafter, but rescinded this decision a few days later based on new information. The question before the Court was whether the respondent had a liberty interest in his parole release which required the parole authority to give him a hearing on its decision not to grant parole. Similar to Michigan law, Ohio law created no protected liberty interest in respondent's release. The Supreme Court held that "mutually explicit understandings," such as that respondent would be paroled following the parole authority's initial decision, did not create a liberty interest for respondent in his release. *Jago*, 454 U.S. at 17. Plaintiff in this action seeks to distinguish *Jago* because his parole release was delayed whereas the release of Jago was rescinded. (Docket no. 26). However, this distinction creates an even stronger case for finding that Plaintiff had no protected liberty interest in his release. A decision to rescind a parole release is more significant and thus likely to deserve more protection than a decision merely to delay a parole release. Therefore, this Court rejects Plaintiff's attempt to distinguish *Jago*. Plaintiff had no liberty interest in his parole release even after the board notified him that he would be paroled. *See Hughes v. White*, 2003 WL 21911216 (E.D. Mich. July 30, 2003) (unpublished) (finding prisoner had no liberty interest in parole release even after parole board decided to parole him and notified him of his future release date but later rescinded the decision to release).

Plaintiff had no liberty interest in his parole release. Therefore, his due process rights were not violated by Defendants. *Jago*, 454 U.S. at 17.

    2.    *Remaining Federal Claims*

Plaintiff has failed to make any showing that his equal protection rights were violated by Defendants. An equal protection claim that is not supported by factual allegations may be dismissed as being merely conclusory. *See Lillard v. Shelby County Bd. Of Ed.*, 76 F.3d 716, 726 (6th Cir. 1996); *Dixon*

*v. McNutt*, 2007 WL 1657398 (W.D. Mich. June 5, 2007) (unpublished). Therefore, this claim should be dismissed.

Plaintiff has also failed to make any showing that his delayed release on parole was related in any way to his alleged prior litigation against the Department of Corrections or his filing of grievances. To the contrary, the evidence in the record shows that the parole authorities were diligently attempting to find a suitable place for Plaintiff to live and that his physical condition and criminal record caused the delay. (Docket no. 23, ex. 1). Therefore, there is no basis to Plaintiff's First Amendment and retaliation claims.

Finally, Plaintiff has failed to state a claim of an Eighth Amendment violation. The Defendants' action in delaying Plaintiff's parole release did not rise to the level of cruel and unusual punishment. Therefore, this claim should also be dismissed.

### 3. *State Law Claims*

Plaintiff briefly mentioned in his Complaint that his rights under state law were violated by Defendants. (Docket no. 1). However, he failed to specifically identify the rights to which he was referring. Because all federal claims against Defendants will be dismissed, this Court should dismiss without prejudice any state law claims against Defendants. *See* 28 U.S.C. § 1367(c)(3) (allowing courts to decline supplemental jurisdiction over claims when court has dismissed all claims arising under original jurisdiction).

### 4. *Remaining Unserved Defendants*

Defendant Hardman and the John Doe Defendants have not yet been served with a copy of the Summons and Complaint in this action. They have not therefore moved for the dismissal of claims against them or for summary judgment. However, it is clear from the above discussion that Plaintiff

can state no claim for relief against them. Therefore, this action should also be dismissed as to them. *See* 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(ii).

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 15, 2008         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Robert Poor and Counsel of Record on this date.

Dated: January 15, 2008                 s/ Lisa C. Bartlett
                                                        Courtroom Deputy